# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA     )
                              )
     v.                   )     CAUSE NO.: 2:00-CR-28-TLS-18
                              )     RELATED CAUSE NO.: 2:09-CV-234-TLS
JAMES S. ERVIN             )

## OPINION AND ORDER

This matter is before the Court on Defendant James Ervin's Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No.

1663], filed on August 10, 2009, along with a Memorandum of Law in Support [ECF No. 1664].

The Government filed a Response [ECF No. 1670] on October 8, 2009, and Defendant Ervin

filed a Reply [ECF No. 1671] on October 23, 2009. On March 21, 2011, Defendant Ervin filed

an Amended Memorandum of Law and Motion in Support [ECF No. 1725]. The Government

filed a Response [ECF No. 1738] and Defendant Ervin filed a Reply [ECF No. 1740]. Further, on

August 25, 2011, Defendant Ervin filed a Motion and Affidavit of Fact[s] [ECF No. 1741]

relating to his attempt to obtain trial documents under the Freedom of Information Act.

Defendant Ervin also filed a Submission of Newly Received Exhibits [ECF No. 1746] on

December 15, 2011, and filed a Request for Status and/or Judgment [ECF No. 1757] on

November 13, 2012.

## BACKGROUND

The Court conducted an eighteen day jury trial commencing on October 22, 2003, and

concluding on November 21, 2003, resulting in a jury verdict of guilty for Defendant Ervin.

Specifically, the jury found Defendant Ervin guilty of the following charges contained in the

Government's Fourth Superceding Indictment [ECF No. 898]: one count of drug conspiracy, in

violation of 21 U.S.C. § 846 (Count 1); one count of drug trafficking, in violation of 21 U.S.C. § 841(a)(1) (Count 10); two counts of extortion under color of official right, in violation of 18 U.S.C. § 1951 (Counts 23 and 24); four counts of causing the death of another in relationship to a drug trafficking offense, in violation of 21 U.S.C. § 848(e)(1)(A) (Counts 25–28); one count of traveling in interstate commerce with the intent to commit a crime of violence, in violation of 18 U.S.C. § 1952(a)(2) (Count 29); and two counts of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

Attorney John T. Theis represented Defendant Ervin in pretrial matters, at trial, at sentencing, and in filing an appeal. Attorney Charles H. Graddick also represented Defendant Ervin in some pretrial matters. Attorney Jerold S. Solovy represented Defendant Ervin for his direct appeal to the United States Court of Appeals for the Seventh Circuit.

On December 2, 2005, the Court sentenced Defendant Ervin as laid out in the Judgment [ECF No. 1471]. Specifically, the Court sentenced Defendant Ervin to life on Counts 1, 10, and each of Counts 25–28. The Court also sentenced Defendant Ervin to 240 months on Counts 23, 24, and 29, and to 60 months on Counts 30 and 31. The Court ordered that the 240 month sentences be served concurrently with the life sentence, but that the 60 month sentences be served concurrently with each other and consecutively to the life sentence. The Court also sentenced Defendant Ervin to 5 years of supervised release, and ordered him to pay restitution in the amount of $8,114.39 and a special assessment to the Government in the amount of $1,100.00.

Defendant Ervin appealed his conviction, and the Seventh Circuit affirmed the conviction (along with the conviction of co-Defendant Jay Zambrana) on September 2, 2008. *United States v. Ervin*, 540 F.3d 623 (7th Cir. 2008); *see also* Judgment, ECF No. 1657.

Defendant Ervin now seeks to vacate, set aside, or correct his sentence on the basis of ineffective assistance of counsel and improper jury instruction. The Government, in its Responses, argues that Defendant Ervin's claims provide no basis for collateral relief because they do not amount to ineffective assistance of counsel and because the Court gave appropriate instructions of law. The Court agrees that Defendant Ervin's claims do not entitle him to collateral relief.

## ANALYSIS

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006).

The Seventh Circuit "requires a district court to grant an evidentiary hearing if a § 2255 petitioner 'alleges facts that, if proven would entitle him to relief.'" *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) (quoting *Stoia v. United States*, 22 F.3d 766, 768 (7th Cir. 1994)). However, "the threshold determination that the petitioner has sufficiently alleged such facts requires the petitioner to submit a sworn affidavit showing what specific facts support the petitioner's assertions." *Id.* (citing *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996)).

Defendant Ervin asserts that he is entitled to habeas relief on nine grounds[1]: First, he maintains that his trial counsel was ineffective in not moving for a severance from co-Defendant Zambrana before trial. Second, Defendant Ervin argues that his counsel was ineffective in not filing a motion for an evidentiary hearing after receiving notice of Defendant Arreola's additional misconduct prior to Defendant Ervin's sentencing in this matter. Third, Defendant Ervin states that his trial counsel was ineffective when he failed to object to the Court's final jury instructions, which did not include a definition of the term impeachment. Fourth, Defendant Ervin argues that his counsel was ineffective when he failed to develop and present adequate grounds and authority for the relief requested in his Motion for Judgment of Acquittal or in the Alternative for a New Trial [ECF No. 1363]. Fifth, Defendant Ervin maintains his trial counsel was ineffective for failing to develop adequate grounds to challenge the racial makeup of the jury pool in the Motion for Judgment of Acquittal or in the Alternative for a New Trial. Sixth, Defendant Ervin argues that the Court erred when it did not instruct the jury to disregard the testimony of impeached witnesses. Seventh, Defendant Ervin states that his appellate counsel was ineffective when he failed to object to the Seventh Circuit's finding that additional evidence about Defendant Arreola's misconduct would constitute only "cumulative impeachment evidence."

---

[1]Defendant Ervin also states that the evidence against him was insufficient to result in a conviction, though he does not list insufficiency of the evidence as an independent ground for habeas relief. (*See* Pet'r's Reply 1–5, 12, ECF No. 1671; Reply to Amendment Resp. 11, ECF No. 1740 ("The question now before this Honorable Court, is it alright to have these characteristics in a Chief Witness when no other evidence of the charges, so long as it benefits the Government?").) The Court previously denied Defendant Ervin's sufficiency of the evidence claim as part of its Opinion and Order denying his Motion for Judgment of Acquittal or In the Alternative for a New Trial, entered on July 25, 2005. (*See* Op. & Order 4–5, ECF No. 1408.) Because Defendant Ervin raises no new circumstances or evidence to support his references to a sufficiency claim, the Court will deny habeas relief on what is, in essence, a sufficiency claim, insofar as Defendant Ervin is making such a claim.

In Defendant Ervin's eighth ground for habeas relief—the first of Defendant Ervin's new claims added by way of amendment—he argues that he has recently discovered that his trial counsel was ineffective when he failed to even contact alibi witnesses of whom Defendant Ervin had informed him. Finally, in his ninth ground for relief, also added in his request to amend his § 2255 Motion, Defendant Ervin maintains that his trial counsel was ineffective in failing to call an additional witness at trial, and for failing to develop potentially exculpatory evidence relating to that witness.

The Government argues in its Response that Defendant Ervin's claims of ineffective assistance of counsel do not meet the standard for ineffectiveness required by *Strickland v. Washington*, 466 U.S. 668 (1984). The Government also argues that his claim that the Court erred at trial is procedurally barred because it was not raised on direct appeal.

The Court notes that Defendant Ervin also requests an evidentiary hearing. However, he has not submitted a sworn affidavit as part of his § 2255 filings, and therefore he has not produced admissible evidence requiring a hearing on any of his claims. *See Galbraith*, 313 F.3d at 1009–10 ("factual allegations must be supported by an affidavit before we will require the additional step of an evidentiary hearing"). Accordingly, the Court will deny Defendant Ervin's request for an evidentiary hearing.

**A.      Legal Standard—Ineffective Assistance of Counsel Claims**

In seeking to prove that his counsel rendered ineffective assistance, the Defendant "bears a heavy burden." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996) (citation omitted). To establish ineffective assistance of counsel, a petitioner must show that: (1) his attorney's performance "fell

below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688; and (2) there is a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted).

The performance prong requires the defendant to specifically identify acts or omissions that form the basis of his claim of ineffective assistance. *Strickland*, 466 U.S. at 690. Based on the totality of the circumstances, the court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* The prejudice prong requires the defendant to show that his trial counsel's errors are so serious as to render his trial fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 368–69 (1993). No matter how many grounds of ineffective assistance of counsel are raised, "ineffective assistance of counsel is a single ground for relief. . . . [I]t is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief." *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005). "Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

**B.**     **Claims in the Original § 2255 Motion**

**1.**     ***Claimed Ineffective Assistance for Failing to Move for a Severance of the Trial***

In his first ground for habeas relief, Defendant Ervin argues that his counsel was

ineffective because before trial began[2] he did not move for a severance of Defendant Ervin's trial from the trial of his co-Defendant, Jay Zambrana. Defendant Ervin maintains that "[t]he vast bulk of the Government's 57 witnesses were against the co-defendant" (Mem. of Law in Supp. 6, ECF No. 1664), and argues that the Court's spillover instruction was an "insufficient remedy" (*id.*) due to the sheer number of charges and amount of evidence offered against co-Defendant Zambrana. Because his counsel did not move for a severance before trial, Defendant Ervin insists he was denied "a better opportunity for acquittal" as well as "a fair trial." (*Id.* 5.) The Government responds that Defendant Ervin's counsel could not have obtained severance under Federal Rule of Criminal Procedure 14(a) because the indictment appropriately joined Defendants Zambrana and Ervin under Rule 8(b). The Government responds, further, that the Seventh Circuit has already evaluated the spillover instruction the Court gave at Defendant Ervin's trial and found it sufficient to ensure that the jury "consider[ed] each count and the evidence relating to it separate and apart from every other count." *Ervin*, 540 F.3d at 630. Because a motion for severance would have been without merit, the Government argues Defendant Ervin was not deprived of effective assistance of counsel when his attorney declined to make such a motion. Defendant Ervin replies that denial of severance from co-Defendant Zambrana would have been a due process violation in that it would have denied him a fair trial.

Federal Rule of Criminal Procedure 8(b) states that an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The

---

[2]Counsel for Defendant Ervin did move for a severance during trial, and the Court denied that request. (*See* Mot. for Judgment of Acquittal or in the Alternative for a New Trial 5, ECF No. 1363.)

Seventh Circuit has observed that it is "well settled that co-conspirators who are charged together generally should be tried together." *United States v. Goodwin*, 496. F.3d 636, 644 (7th Cir. 2007).

Federal Rule of Criminal Procedure 14(a) allows a court to grant a request for severance where "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant." Defendants are not, however, "entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro v. United States*, 506 U.S. 534, 540 (1993). "In all but the most unusual circumstances, the risk of prejudice arising from a joint trial is outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all." *United States v. Carrillo*, 435 F.3d 767, 778 (7th Cir. 2006) (quotation marks omitted). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

The Court agrees with the Government that Defendant Ervin has failed to show why severance from co-Defendant Zambrana would have been appropriate if his attorney had asked for it before trial. It is undisputed that Defendant Ervin and Defendant Zambrana were charged together as co-conspirators. Thus, indicting them together was proper under Rule 8(b), and trying them together was also proper. *See Goodwin*, 496 F.3d at 644. Finding that the Defendants were properly joined, the Court would only have granted a request for severance if a joint trial would have compromised a specific trial right of either Defendant Zambrana or Defendant Ervin, or would have prevented the jury from reaching a reliable verdict. But Defendant Ervin's general

assertion that he was denied a fair trial under the due process clause does not substantiate his claim that he was denied a specific trial right. Nor does the Court find that trial of the Defendants together prevented the jury from reaching a reliable verdict. Indeed, as the Seventh Circuit noted in its denial of Defendant Ervin's direct appeal, the Court instructed the jury to "consider each count and the evidence relating to it separate and apart from every other count." The Seventh Circuit approved of this very instruction on direct appeal, finding that "nothing in the record" suggested that the jury disregarded this Court's instruction. *Ervin*, 540 F.3d at 630. Defendant Ervin raises no new evidence that would suggest the jury failed to follow this instruction. His assertion that the Court's spillover instruction was an "insufficient remedy" is not supported by the record in this case.

Because Defendant Ervin cannot show that the Court would have entertained his motion to sever if it had been offered before trial, he cannot show that his counsel was ineffective for failing to make such a motion. *See Stone*, 86 F.3d at 717 ("Failure to raise a losing argument . . . does not constitute ineffective assistance of counsel."). Defendant Ervin has not shown that failing to make a motion for a severance was objectively unreasonable, nor that such a motion, if offered, would likely have affected the outcome of the proceeding. Accordingly, because Defendant Ervin has not shown ineffective assistance of counsel, the Court will deny his first ground for habeas relief.

**2.** *Claimed Ineffective Assistance for Failing to Request an Evidentiary Hearing*

In his second ground for habeas relief, Defendant Ervin argues that his counsel was ineffective because he did not request an evidentiary hearing when informed about additional

misconduct by Defendant Arreola, one of the chief cooperating witnesses who testified against Defendant Ervin at trial. Instead of moving for an evidentiary hearing, Defendant Ervin's counsel filed a Motion for Judgment of Acquittal or in the Alternative for a New Trial [ECF No. 1363]. Notably, Defendant Zambrana's attorney moved for both an evidentiary hearing and a new trial. After a two-day evidentiary hearing and after considering the testimony of all nine witnesses called, the Court denied Defendant Zambrana's motion for a new trial in spite of the evidentiary hearing. The Court also denied Defendant Ervin's motion for a new trial. Defendant Ervin maintains that his counsel's failure to move for an evidentiary hearing as part of the motion for a new trial was ineffective. Specifically, he argues that this failure deprived him of "the opportunity to question the witness on the misconduct that may have adversely affected his testimony against the petitioner at trial." (Mem. of Law in Supp. 10.) He argues this violated his "right to due process interlinked with his right of confrontation." (*Id.* 11.) The Government responds that the Seventh Circuit has already found Defendant Ervin's "substantive arguments" in support of his motion for a new trial to be "meritless." *Ervin*, 540 F.3d at 631. Therefore, the Government argues that Defendant Ervin fails to establish either the first or the second prongs of a *Strickland* ineffectiveness claim. Furthermore, the Government notes that Defendant Ervin has failed to state what witnesses his counsel should have called at such a hearing, or what those witnesses would have said that would have produced a different result at the hearing. In his Reply, Defendant Ervin lists the names of three witnesses who he describes as "unimpeached alibi witnesses." (Pet'r's Reply 9.) He suggests that his attorney did not depose these three witnesses, but that if called at an evidentiary hearing on his motion for a new trial they "would have removed the specter of guilt against the petitioner." (*Id.*)

The Court finds that the Seventh Circuit has already addressed the merits of Defendant Ervin's new trial claim and found it to be "meritless." *Ervin*, 540 F.3d at 631. Defendant Ervin has not shown that his counsel's decision to proceed directly to arguing the merits of his new trial claim was objectively unreasonable. Furthermore, Defendant Zambrana did request an evidentiary hearing on his new trial request and the Court, after the hearing, denied the request for a new trial. The Court understands Defendant Ervin's argument that his interests are not contiguous with Defendant Zambrana's interests. However, the Court agrees with the Government that Defendant Ervin has failed to show exactly who his attorney ought to have called at an evidentiary hearing on the motion for a new trial, and how any witness would have made a difference. Defendant Ervin does not in this claim set out the testimony that any of his three alleged alibi witnesses would have offered, nor does he show that they could have affected the outcome on his motion for a new trial. As the Seventh Circuit has stated: "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnote omitted). In this ground for habeas relief, Defendant Ervin offers nothing more than self-serving speculation that the testimony of these witnesses would have been favorable. Such an unsubstantiated claim about the need for an evidentiary hearing does not establish ineffective assistance of counsel.

In sum, the Court finds that the denial of Defendant Zambrana's motion for a new trial after a hearing, the Seventh Circuit's finding that Defendant Ervin's arguments in support of a

new trial were meritless,[3] and Defendant Ervin's failure to show what his proposed witnesses would have said and how it would have affected the outcome of his motion for a new trial, suggest that Defendant Ervin was not prejudiced when his attorney did not move for an evidentiary hearing in conjunction with his motion for a new trial. Because it appears that Defendant Ervin's attorney did not act objectively unreasonably, and because Defendant Ervin has not established prejudice as a result of his attorney's decision, he has not established ineffective assistance of counsel, and the Court will deny relief on this ground.

3.      ***Claims Relating to Failure to Instruct the Jury on Impeachment***

In his third, sixth, and seventh grounds for habeas relief, Defendant Ervin raises claims having to do with impeachment. He notes that on direct appeal the Seventh Circuit described the testimony of the three chief witnesses against him at trial as having been "thoroughly impeached." He then raises the following arguments on the subject of impeachment and jury instructions.

In his third ground for relief, Defendant Ervin claims his attorney was ineffective when he failed to object to the Court's instructions, which did not include a definition of impeachment. In his sixth ground for relief, Defendant Ervin claims the Court erred when it failed to instruct the jury "to disregard any and all facts pertaining to" impeached Government witnesses. (Mem.

_____

[3]As the Seventh Circuit stated, Defendant Ervin's arguments in support of his new trial motion were "meritless" because the new evidence Defendant Ervin wished to introduce was merely impeaching and was cumulative, because no evidence suggested that witnesses against Defendant Ervin actually coordinated testimony, because no evidence suggested that Government agents actually suppressed the evidence of misconduct, and because the cumulative impeachment evidence would not have violated *Brady v. Maryland*, 373 U.S. 83 (1963), even if Government agents had actually suppressed it. *See Ervin*, 540 F.3d at 631–32.

of Law in Supp. 20.) In his seventh ground for relief, Defendant Ervin claims his appellate counsel was ineffective when he failed to object to the Seventh Circuit's statement that the testimony he might have elicited from Defendant Arreola was "merely cumulative impeachment evidence." He appears to claim in his seventh ground that his appellate counsel was ineffective for failing to note that impeachment evidence "is inadmissible by law." (*Id.* 22.)

The Government responds regarding Defendant Ervin's ground three that the Court correctly instructed the jury on impeachment, specifically giving the Seventh Circuit Criminal Pattern Jury Instructions on testimony of a witness (deciding what to believe), on prior inconsistent statements, on impeachment of witnesses by prior convictions, on witnesses requiring special caution because of cooperation with the Government, and on how to consider testimony by witnesses who had used addictive drugs. The Government responds regarding Defendant Ervin's ground six that his argument is procedurally barred because it was not raised on direct appeal, and that it fails on the merits because Defendant Ervin's requested instruction is an incorrect statement of the law. The Government responds regarding Defendant Ervin's ground seven that it is "at a complete loss in its attempt to discern the basis of Ervin's claim" (Response 34, ECF No. 1670) and that in any case Defendant Ervin's seventh ground fails to show ineffective assistance of counsel. Defendant Ervin replies as to his third ground that the Court's failure to instruct on the definition of the word impeachment justifies both an evidentiary hearing[4] and habeas relief. Defendant Ervin appears to reply concerning his sixth and seventh grounds that he is conceding these grounds (Pet'r's Reply 17); nevertheless, because his

---

[4]As to his request for an evidentiary hearing, it is denied because he has not submitted an affidavit with evidence showing why such a hearing is necessary. *See Galbraith*, 313 F.3d at 1009–10.

concession of these grounds is less than clear, the Court will consider them.

The Court notes as an initial matter that Defendant Ervin's sixth ground is procedurally barred because he did not raise it on direct appeal. It does not appear to raise a constitutional claim. Accordingly, because it could have been raised on direct appeal and was not raised, it cannot be heard in a § 2255 motion. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994). On this basis, the Court will deny Defendant Ervin's sixth ground for habeas relief.

Furthermore, the Court will deny Defendant Ervin's third, sixth, and seventh grounds for habeas relief on the merits. In his third ground, he argues merely that his attorney should have objected to the Court's instructions which did not specifically define the word impeachment. But in his sixth and seventh grounds, Defendant Ervin appears to argue that the Court should have instructed the jury to completely disregard the testimony of the Government's witnesses who were impeached. As to his third ground, the Court finds that the Court appropriately instructed the jury in accordance with the Seventh Circuit Criminal Pattern Jury Instructions. The Court instructed the jury on what it could consider in evaluating the testimony of any witness, and gave instructions on how to evaluate prior inconsistent statements, prior convictions, witness cooperation with the Government, and previous use of addictive drugs. The Court finds that Defendant Ervin has presented no authority or evidence to show why a definition of the word impeachment would have been appropriate or necessary, and accordingly, the Court finds that his attorney's failure to object to the Court's jury instructions as stated in his third ground for habeas relief did not constitute ineffective assistance of counsel. As to Defendant Ervin's suggestion in his sixth and seventh grounds that the Court should have instructed the jury to

disregard the testimony of witnesses who were impeached, the Court agrees with the Government that Defendant Ervin is simply misstating the law. The Court will therefore deny Defendant Ervin's sixth ground for relief on its merits because he has not shown that the Court's instructions were improper, and will deny Defendant Ervin's seventh ground for relief on its merits because he has not shown how his appellate counsel was ineffective for failing to object to the Seventh Circuit's statement that any additional evidence offered by Defendant Arreola would have been "merely cumulative impeachment evidence." Defendant Ervin's statement that "impeached witnesses testimonial evidence . . . is inadmissible by law" (Mem. of Law in Supp. 22) is simply incorrect, and if his attorney had raised such an objection on direct appeal, it would have failed. Thus, failure to raise such objection did not constitute ineffective assistance of counsel. *See Stone*, 86 F.3d at 717 ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.").

For all the reasons stated above, the Court will deny habeas relief as to the claims stated in Defendant Ervin's third, sixth, and seventh grounds.


**4.** ***Claims Relating to the Motion for Judgment of Acquittal or in the Alternative for a New Trial [ECF No. 1363]***

In his fourth and fifth grounds for habeas relief, Defendant Ervin argues that his counsel was ineffective when he failed to adequately support the arguments raised in the Motion for Judgment of Acquittal or in the Alternative for a New Trial [ECF No. 1363]. Specifically, Defendant Ervin argues in his fourth ground that his counsel was ineffective for failing to support and develop arguments in the Motion in general, and argues in his fifth ground that his counsel was ineffective for failing to support and develop the claim relating to the jury pool,

contained in the same Motion. Defendant Ervin's fifth ground also argues that his counsel was ineffective for failing to support and develop the jury pool claim at trial, and for failing to object to the transfer of his case from the Hammond Division to the Fort Wayne Division.

Defendant Ervin's counsel filed the Motion for Judgment of Acquittal or in the Alternative for a New Trial on September 17, 2004. In that Motion, Attorney Theis argued that the evidence at trial was insufficient to convict Defendant Ervin, and raised twenty specific alleged errors at trial which, he argued, militated for a new trial. In its Opinion and Order denying the Motion, the Court stated as follows:

> It is the movant's responsibility to develop his arguments and present the court with adequate grounds and authority to grant the requested relief. . . . This Court will not shy from summarily dismissing allegations of error where a party has presented perfunctory and undeveloped arguments unsupported by pertinent authority.

(Op. & Order 3–4, ECF No. 1408.)

The Government argues in response to Defendant Ervin's fourth ground for relief that he has failed to indicate what arguments or evidence counsel for Defendant Ervin should have raised in the Motion, or how any additional arguments or evidence would have affected the outcome of the Motion. The Government argues in response to Defendant Ervin's fifth ground that Defendant Ervin has still failed to show that African-Americans were under-represented in the jury venire based on the racial makeup of the Fort Wayne Division. As to Defendant Ervin's claim that his attorney should have objected to transfer from the Hammond Division, the Government argues Defendant Ervin requested a judicial recusal which led directly to the transfer, and that Attorney Theis's strategic decision to request recusal did not constitute ineffective assistance of counsel. Defendant Ervin replies concerning ground four that this Court's statements in its Opinion and Order indicate that Attorney Theis was ineffective in filing

the Motion for Judgment of Acquittal or in the Alternative for a New Trial without appropriate research and argument. Defendant Ervin replies concerning ground five that he has stated claims for purposeful discrimination and an equal protection violation by his showing that only two African-Americans were part of the venire for his trial.

The Court finds that neither Defendant Ervin's ground four nor his ground five raise claims meriting habeas relief. As to ground four, the Court agrees with the Government that Defendant Ervin has not shown how his attorney was ineffective in filing the Motion for Judgment of Acquittal or in the Alternative for a New Trial. Nowhere in his ground four does Defendant Ervin state what evidence or caselaw his attorney should have produced, nor what arguments his attorney should have made. Neither does Defendant Ervin state how this new evidence or argument would have made a difference in the Court's ruling on the Motion. His argument appears to be that his attorney was ineffective because the Government was allowed to respond to the substance of the Motion; that is no argument at all, for the Government would have had an opportunity to respond to his Motion whether it was a well-supported motion or not. As to his argument that the Court in its Opinion and Order denying his Motion stated that his counsel was ineffective, the Court disagrees. The Court did deny certain claims in his Motion due to the lack of substance behind his arguments. But Defendant Ervin has failed to show that there was indeed substance behind those arguments, substance which his attorney ought to have raised in the Motion. Absent a showing of "the specific acts or omissions of counsel that form[] the basis for his claim of ineffective counsel," *United States v. Kamel*, 965 F.2d 484, 496 (7th Cir. 1992) (quotation marks omitted), Defendant Ervin's ineffectiveness claim must fail. He has not shown what arguments his attorney should have raised, and he has not shown that his

attorney's alleged failure to appropriately develop his arguments caused him any prejudice. Therefore, he has not shown ineffective assistance of counsel in his fourth ground for relief.

As to Defendant Ervin's fifth ground for relief, the Court addressed the issue of the racial makeup of the jury pool in its Opinion and Order denying the Motion for Judgment of Acquittal or in the Alternative for a New Trial. In that Opinion and Order, the Court noted that African-Americans comprised 6.03% of the Fort Wayne Division, and that the disparity between the percentage of African-Americans in the Division and the percentage of African-Americans on the venire in Defendant Ervin's trial was only 3.7%. Therefore, under Seventh Circuit precedent, the Court denied Defendant Ervin's Motion. *See United States v. Ashley*, 54 F.3d 311, 314 (7th Cir. 1995) ("a discrepancy of less than ten percent alone is not enough to demonstrate unfair or unreasonable representation of blacks on the venire"). In his fifth ground for habeas relief, Defendant Ervin argues that his attorney failed to produce proof that African-Americans were unfairly under-represented in his jury venire. But Defendant Ervin submits no evidence that the under-representation on his venire amounted to "anything more than a statistical coincidence." *Id.* Therefore, Defendant Ervin has failed to show that his attorney's failure to bring forth such putative proof—either at trial or in the Motion—constituted ineffective assistance. He has not shown purposeful discrimination; nor has he shown that he was denied equal protection of the laws in violation of the Fourteenth Amendment.

As to Defendant Ervin's argument that his counsel was ineffective for failing to object to the transfer of his case from the Hammond Division to the Fort Wayne Division, the Court agrees with the Government that this represented a strategic choice by counsel. Prior to trial, Defendant Ervin moved for a recusal which had the effect of emptying the pool of available

judges in the Hammond Division. Therefore, the chief judge transferred the case to the Fort Wayne Division. Because strategic decisions by counsel are generally "not subject to question by a reviewing court in deciding an ineffective assistance claim," *United States v. Boyles*, 57 F.3d 535, 551 (7th Cir. 1995) (quotation marks omitted), the Court does not find that Defendant Ervin's attorney's choice which led to the transfer of the case to the Fort Wayne Division constituted ineffective assistance.

For all these reasons, the Court will deny the habeas claims raised by Defendant Ervin in grounds four and five.

**C.    Ineffective Assistance of Counsel Claims in the Amended Memorandum of Law and Motion in Support**

On March 21, 2011, Defendant Ervin filed an Amended Memorandum of Law and Motion in Support of his original § 2255 Motion. In his Amended Motion, he requests leave to amend and clarify his ground two for habeas relief, but asserts that he is not adding entirely new claims. He argues that his amended facts relate back to his ground two under Federal Rule of Civil Procedure 15(c)(1)(B) and because they concern the same "common core of operative facts" under the Supreme Court's ruling in *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Before addressing the merits of the proffered amended facts, the Court must address the proposed amendment itself.

In its Response to the Amended Motion [ECF No. 1738], the Government acknowledges that amendment to a § 2255 motion is possible while the § 2255 motion remains pending for decision before a court. As the Seventh Circuit has stated, "part of every civil case . . . is an entitlement to add or drop issues while the litigation proceeds." *Johnson v. United States*, 196

F.3d 802, 805 (7th Cir. 1999). Accordingly, "[a] prisoner receives one complete round of litigation, which as in other civil suits includes the opportunity to amend a pleading before judgment." *Id.* On the question of whether a proposed amendment constitutes a prohibited second or successive motion under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), the Seventh Circuit has stated definitively that "'a proposal to amend one's first motion is not a second motion,' at least when the first has not yet reached a final decision." *Vitrano v. United States*, 643 F.3d 229, 233–34 (7th Cir. 2011) (quoting *Johnson*, 196 F.3d at 804) (citation and internal quotation marks omitted); *see also Rutledge v. United States*, 230 F.3d 1041, 1051 (7th Cir. 2000) ("Until a final ruling has been issued, a district court must consider a petitioner's request to amend his § 2255 motion, though the court need not grant the requested amendments.").

"[D]istrict courts have wide discretion in deciding whether to grant leave to amend. Justice generally does not require such leave if a movant demonstrates 'undue delay, bad faith, or dilatory motive,' or if undue prejudice to the opposing party would result." *Vitrano*, 643 F.3d at 234 (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007)); *see also Rutledge*, 230 F.3d at 1051 ("A district court can refuse to let the defendant amend the petition for reasons such as delay.").

In his Amended Memorandum of Law and Motion, Defendant Ervin argues that he is not raising new claims, but rather is expanding the narrative of his original ground two by introducing new and recently discovered evidence. The Government in its Response, however, notes that Defendant Ervin is now adding two additional grounds for relief that are in substance new claims. The Court agrees. It appears that Defendant Ervin's first new ground for habeas

relief has to do with his attorney's failure to contact, depose, and call at trial certain alibi witnesses. It appears that his second new ground for relief concerns his attorney's failure to call an Officer House, who Defendant Ervin claims would have provided exculpatory evidence and/or testimony at trial. Neither of these claims were raised in Defendant Ervin's original ground two, which related to his attorney's alleged failure to request an evidentiary hearing upon learning of Defendant Arreola's additional misconduct. Accordingly, the Court agrees that Defendant Ervin is attempting to amend his § 2255 Motion by adding what are, in substance, two additional grounds for habeas relief.

In its Response, the Government does not argue that the request to amend and add new claims filed by Defendant Ervin should be denied. The Government recites the standard for amending any pleading (after an amendment as a matter of course within 21 days): "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Government then states that because the new claims were "raised prior to the final resolution of [Defendant Ervin's] pending motion filed pursuant to § 2255[,] . . . it is within the court's discretion to grant leave to amend." (Gov't's Resp. in Opp'n to Pet'r James Ervin's Am. Mot. 3, ECF No. 1738.) The Government submits no argument about Defendant Ervin's delay in raising the new claims, nor does it argue that he is raising them in bad faith. *See Vitrano*, 643 F.3d at 234. Accordingly, because no final ruling has issued as to the original § 2255 Motion, the Court will grant Defendant Ervin leave to amend his original § 2255 Motion by adding the new claims, and will consider those claims on the merits.

1.  ***Claimed Ineffective Assistance for Failing to Contact, Depose, and Call Certain Witnesses at Trial***

In his eighth ground for relief, Defendant Ervin argues that his counsel was ineffective because he "failed to contact, depose, and call for alibi testimony, vital witnesses." (Am. Mem. of Law and Mot. 1, ECF No. 1725.) Defendant Ervin states that he has "only recently discovered" that his alibi witnesses were in most cases never contacted (*id.* 3), and argues that their testimony would "chronologically account for" his whereabouts at the time of the murders for which he was convicted (*id.* 2). He concludes that this testimony, combined with the testimony against him which was "thoroughly impeached," would have resulted in his acquittal at trial. He does not submit a sworn affidavit outlining the testimony these witnesses would have offered, nor does he list the witnesses he has in mind.[5] The Government responds that Defendant Ervin has failed to show ineffective assistance of counsel because he has failed to make a specific showing of what the witnesses' testimony would have been, and how it would have made a difference at trial. Defendant Ervin replies by pointing the Court to the three witnesses he listed in his Reply to the original § 2255 Motion, and to his statement that these alibi witnesses "can chronologically account for Defendant Ervin's whereabouts." (Am. Mem. of Law and Mot. 2.)

A lawyer's decision "to call or not to call a witness is a strategic decision generally not subject to review." *Valenzuela v. United States*, 261 F.3d 694, 699–700 (7th Cir. 2001) (quoting *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997)); *United States v. Adamo*, 882 F.2d 1218, 1227 (7th Cir. 1989) ("once defense counsel conducts a reasonable investigation into all lines of possible defenses, counsel's strategic choice to pursue one line to the exclusion of

---

[5]In his Reply, Defendant Ervin indicates that the witnesses who would offer alibi testimony are the same witnesses he listed in his Reply to the original § 2255 Motion. (*See* Reply 9, ECF No. 1671.)

others is rarely second-guessed on appeal"). However, an attorney "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691.

The decision not to even contact potentially exculpatory witnesses can constitute ineffective assistance of counsel. *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007) (counsel's decision not to interview key witnesses constituted ineffective assistance); *Soffar v. Dretke*, 368 F.3d 441, 473 (5th Cir. 2004) (counsel's decision not to interview the only known eyewitness constituted ineffective assistance). But a defendant must make a showing that counsel failed to perform effectively by offering evidence of such failure. Here, Defendant Ervin has made no such showing. He has not submitted a sworn affidavit stating that he informed his attorney of alibi witnesses in advance of trial and that his attorney failed to contact them. Nor has he submitted sworn affidavits from any of his three proposed witnesses, and he has never outlined what they would say except to suggest that they would chronologically account for his whereabouts during the time of the murders. This is an insufficient showing. As the Seventh Circuit has stated, Defendant Ervin "is correct that this court requires a district court to grant an evidentiary hearing if a § 2255 petitioner 'alleges facts that, if proven would entitle him to relief[.]' [However,] the threshold determination that the petitioner has sufficiently alleged such facts requires the petitioner to submit a sworn affidavit showing what specific facts support the petitioner's assertions." *Galbraith*, 313 F.3d at 1009 (quoting *Stoia*, 22 F.3d at 768) (citation omitted). Defendant Ervin has made no such showing, and the Court therefore finds an evidentiary hearing on this point to be unnecessary.

Further, Defendant Ervin has failed to show exactly what testimony his proposed alibi

witnesses would have offered, and how that testimony would have affected the outcome at trial. The Seventh Circuit has held that, to show prejudice from failure to call a favorable witness, a defendant "must make a comprehensive showing of what the potential witness' testimony would have been and how it would have produced a different result." *Brown v. McGinnis*, 922 F.2d 425, 428 (7th Cir. 1991); *see also Ashimi*, 932 F.2d at 650 ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.") (footnote omitted). Defendant Ervin has not done so. He has not given a comprehensive showing of what any of these potential witnesses would have said at trial. Nor has he shown that their testimony would have made a difference. Therefore, even if he had shown that his attorney's failure to contact these witnesses was unreasonable, he would still fail to show ineffectiveness because he has made an insufficient showing on the question of the substance of the witness testimony.

Because Defendant Ervin has failed to make any showing that his lawyer failed to contact potential alibi witnesses, and because he has also failed to make a sufficient showing as to the content of the testimony of these potential witnesses, he has failed to show that his counsel acted in an unreasonable manner, and has failed to show that his counsel's alleged error prejudiced him at trial. Accordingly, the Court will deny habeas relief on this eighth ground raised by Defendant Ervin.

**2.** ***Claimed Ineffective Assistance of Counsel for Failing to Call Additional Alibi Witness***

In his ninth ground for habeas relief, Defendant Ervin claims that his counsel was

ineffective when he failed to call at trial one additional alibi witness. Defendant Ervin does not list the name of this alibi witness in his Amended Memorandum of Law and Motion, but from the context it appears he is suggesting that his counsel should have called Officer House at trial. He argues that if his counsel had examined Officer House at trial, his appearance and testimony would have undercut Defendant Arreola's in-court identification of Defendant Ervin, and would have resulted in his acquittal. The Government responds that Defendant Arreola was in fact impeached at trial concerning his original identification of Defendant Ervin, in which he referred to an officer by the name of either Jamie or House. The Government responds, further, that counsel's decision not to call Officer House to the stand was a strategic decision, for the purpose of allowing the jury to believe that Officer House matched a physical description comporting with the defense theory of the case. The Government also responds that Defendant Ervin has failed to show how he was prejudiced by the failure to call Officer House to the stand as he has failed to show exactly what Officer House would have said or how such testimony would have made a difference at trial. Defendant Ervin replies that "[a]ny benefit received with the presentation of [Officer House], far outweigh any possible negative effect that same presentation would have brought." (Reply 8, ECF No. 1740.)

The Court agrees with the Government that Defendant Ervin has failed to show ineffectiveness on this ninth ground for habeas relief. As stated above, a lawyer's decision "to call or not to call a witness is a strategic decision generally not subject to review." *Valenzuela*, 261 F.3d at 699–700 (quoting *United States v. Williams*, 106 F.3d at 1367). Defendant Ervin urges that Officer House should have been called to the stand so that the jury could see how his physical characteristics differed from those of Defendant Ervin. Defendant Ervin makes no

showing of what Officer House would have said if called to the stand, or even whether Officer House would have agreed to say anything at all. The Government suggests not having Officer House present may have been a defense strategy, allowing the jury to imagine that he fit the physical description associated with the defense theory. The Court need not elucidate exactly why defense counsel chose not to call Officer House to the stand. The decision not to call a witness is generally not subject to review. *See Valenzuela*, 261 F.3d at 699–700; *Boyles*, 57 F.3d at 551. Defendant Ervin has made no suggestion that his attorney failed to investigate what Officer House might have said. Therefore, Defendant Ervin has not shown that his attorney failed to make a "reasonable decision" about whether to call Officer House. *Strickland*, 466 U.S. at 691. He has also not shown how the failure to call Officer House prejudiced him because he has not made a comprehensive showing of what Officer House's testimony would have been or how it would have produced a different result. *See McGinnis*, 922 F.2d at 428. Accordingly, Defendant Ervin has failed to establish ineffectiveness on the part of his attorney, and the Court will deny the claim contained in this ninth ground for habeas relief.[6]

### D.  Freedom of Information Act Request

In his Motion and Affidavit of Fact[s], Defendant Ervin urges the Court to order the

---

[6]Imbedded in this ninth ground is an argument that Defendant Arreola's in-court identification of Defendant Ervin should have been suppressed because it came on re-direct examination when Defendant Arreola had already seen Defendant Ervin in court. The Court previously denied Defendant Ervin's objection to this in-court identification. (*See* Op. & Order 5, ECF No. 1408.) Furthermore, under the authority cited by Defendant Ervin, an identification is proper if the totality of the circumstances show its reliability, *United States v. Emanuele*, 51 F.3d 1123, 1128 (3d Cir. 1995), and Defendant Ervin raises no new argument or evidence suggesting that the Court should alter its initial determination—that Defendant Arreola's in-court identification of Defendant Ervin was proper. Defendant Ervin's Submission of Newly Received Exhibits [ECF No. 1746] also does not undermine this Court's confidence in its determination that the in-court identification of Defendant Ervin by Defendant Arreola was properly admitted.

Department of Justice to provide him with 36 boxes of materials related to his case, at a cost of $1,008, based on his promise to pay out of his future monthly prison earnings. He attaches to his Motion a copy of the denial letter he received from Susan B. Gerson, Acting Assistant Director of the Freedom of Information and Privacy Staff at the United States Department of Justice. In her Letter, Ms. Gerson states that the Department will not accept an offer to pay for documents on an installment basis. She cites to *Sliney v. BOP*, No. Civ.A. 04-1812 RBW, 2005 WL 3273567, at *4 (D.D.C. Sept. 28, 2005), where the district court stated: "There is no authority in the statute or caselaw supporting plaintiff's proposition that his agreement to allow the agency to withdraw monthly partial payments from his prison account constitutes an agreement to pay the total fee." Defendant Ervin offers no legal authority to rebut this proposition.

Finding that Defendant Ervin has offered no basis upon which this Court could enjoin the Department of Justice to provide him documents, the Court will deny Defendant Ervin's request.

**E.      Request for Status and/or Judgment**

Finally, in his Request for Status and/or Judgment [ECF No. 1757], Defendant Ervin asks the Court to issue a decision in his case and cause. As articulated herein, the Court grants his request.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may be issued "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). Where the district court has rejected the constitutional claims on procedural grounds, the court should issue a certificate of appealability "when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Where the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. The defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate").

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. Additional argument is not necessary here. The constitutional issues presented by Defendant Ervin's Motion are whether his counsel was ineffective in failing to move for a severance of his trial from co-Defendant Zambrana before trial, in failing to move for an evidentiary hearing in conjunction with his motion for a new trial, in failing to object to the jury instructions, in failing to adequately support the Motion for

Judgment of Acquittal or in the Alternative for a New Trial, in failing to show evidence of an improper jury pool, in failing to object to the Seventh Circuit's characterization of the evidence, in failing to contact, depose, or call at trial certain alibi witnesses, and in failing to call Officer House to the stand.[7] Because his claims do not make the requisite showing for ineffectiveness, as outlined above, Defendant Ervin cannot make the necessary showing that reasonable jurists would find the district court's assessment of his claims debatable or wrong. Consequently, the Court will deny a certificate of appealability as to Defendant Ervin's Motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Ervin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 1663]; GRANTS his request to Amend contained in his Amended Memorandum of Law and Motion in Support [ECF No. 1725] but DENIES the new claims added by that amendment on their merits; DENIES his Motion and Affidavit of Fact[s] [ECF No. 1741]; and GRANTS his Request for Status and/or Judgment [ECF No. 1757]. Furthermore, the Court DENIES Defendant Ervin a certificate of appealability.

SO ORDERED on January 9, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION

---

[7]This case also presents a non-constitutional issue: whether the Court erred in not instructing the jury on the definition of the word impeachment, and whether that claim is procedurally barred. Because this is not a constitutional claim, the Court will deny a certificate of appealability on this issue. *Slack*, 529 U.S. at 483; 28 U.S.C. § 2253(c).